**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>Kaja Holdings LLC,<br>Debtor | Chapter 7<br>Case No. 25-11551 (DSJ)<br>(Jointly Administered) |
| Aristone Capital Asset Management LLC,<br>Plaintiff,<br>– against –<br>Kaja Holdings LLC, *et al.*,<br>Defendants | Adv. Pro. No. 26-01047 (DSJ) |

## DECISION GRANTING MOTION TO DISMISS

**APPEARANCES:**

***LEX DOMUS LAW***
*Counsel for Aristone Capital Asset Management*
5798 S. Durango Dr. #105
Las Vegas, NV 89113
By: Daniel Stephen Cereghino

***KRIEG DEVAULT LLP***
*Counsel for DVH Properties LLC*
200 S Wacker Dr., Suite 600
Chicago, IL 60606
By: Scott J. Fandre

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of defendant DVH Properties LLC ("DVH") to dismiss the above-referenced adversary proceeding as against it, pursuant to Fed. R. Civ. P. 12(b)(1), made

applicable here by Bankruptcy Rule 7012(b). The adversary proceeding seeks orders to quiet title as to various Chicago properties in which debtors have or had an interest, but DVH's motion concerns just one such property, as to which the estate has been held to have abandoned all interest in a Chapter 7 case in which the Trustee has filed a report of no distribution and characterized the estate as fully administered.

For reasons detailed below, the Court grants DVH's motion because this adversary proceeding's claims against DVH and the one property to which it asserts an interest will have no conceivable effect on the bankruptcy case, given the previously ordered abandonment of any interest of the estate in that property. This precludes the possible existence of "related to" jurisdiction under controlling precedent, and there is no other asserted jurisdictional basis for this action as against DVH. The dismissal of claims against DVH does not dispose of the entire action, which also asserts claims against other defendants and concerning other properties.

## BACKGROUND

The adversary proceeding was filed in relation to the jointly administered Chapter 7 bankruptcies of debtors Kaja Holdings LLC ("Kaja"); Kaja Holdings 2, LLC ("Kaja 2"); MO Seven LLC ("MO Seven"); and Alan Investments III, LLC ("Alan" and collectively with Kaja, Kaja 2, and MO Seven, "Debtors"), and concerns competing ownership claims to thirteen residential properties in Chicago to which the plaintiff, Aristone Capital Asset Management, LLC ("Aristone" or "Plaintiff") asserts ownership. The adversary proceeding names as defendants: debtors Kaja; Kaja 2; Mo Seven; Alan Nisselson, Chapter 7 Trustee; DVH Properties LLC; Semper Fidelis, LLC; and additional "Doe individual" and "Roe corporation" defendants whose identities are not known, but who may have an interest in properties at issue.

In the main bankruptcy case, on January 28, 2026, the appointed Chapter 7 Trustee filed a report of no distribution, and certified that the bankruptcy cases had been fully administered. [unnumbered docket entry dated Jan. 28, 2026 ("having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered.")].

Subsequently and still in the main case, DVH filed a motion to lift the automatic stay and to compel abandonment of the estates' interest in certain "real estate collateral" to which DVH asserted entitlement. [ECF No.[1] 60 (Apr. 23, 2026)]. That motion drew an objection from Aristone [ECF No. 65], arguing that the relief sought on the motion should be limited and should be styled so as to avoid determining or influencing the outcome of quiet-title litigation pending in Illinois state courts regarding a property located at 6547 Saint Lawrence Avenue, Chicago, Illinois 60637, to which Aristone asserted ownership rights (the "St. Lawrence Property" or "Property"). Specifically, Aristone contended and continues to contend that it obtained the Property, alongside twelve other properties, from Debtors through quitclaim deeds dated March 23, 2025 and May 21, 2025. Meanwhile, DVH Properties LLC ("DVH") alleges that on February 27, 2025, Semper Fidelis LLC obtained the St. Lawrence Property through a tax-deed proceeding and later sold it to DVH. *Memorandum of Law in Support of Rule 12(B)(1) Motion to Dismiss*

[1] References to docket entries from the main case, No. 25-11551 (DSJ), will be to "ECF. No." References to docket entries from the above-captioned adversary proceeding, No. 26-01047, will be to "Adv. Dkt. No."

[Adv. Dkt. No. 6 at 6]. Following a hearing on May 12, 2026, the Court granted the motion to lift the stay and compel abandonment of the estate's interests (if any) in the St. Lawrence Property, conditioned on counsel's reaching agreement on the terms of an order that would grant the relief sought while avoiding the broader possible consequences to which Aristone objected. The transcript of the hearing is at ECF No. 69 in the main case, and the resulting order dated May 15 appears at ECF No. 68.

Aristone's complaint alleges that the notices relating to the tax-deed proceedings were legally defective and as such the "tax-deed claims are in turn legally defective, void, voidable, equitably unenforceable, or otherwise subject to challenge and invalidation." *Adversary Complaint of Aristone Capital Asset Management, LLC* [Adv. Dkt. No. 1 at 5]. The complaint requests judgment: "A. Declaring the parties' respective rights and interests concerning the transferred properties, and more specifically, that all tax-sale and tax-deed proceedings and related claims were and are legally defective and that, as such, [Aristone] is the rightful owner of the subject properties; B. Granting such equitable and ancillary relief as this Court deems appropriate; C. Awarding [Aristone] its costs and disbursements; and D. Granting such other and further relief as the Court deems just and proper." *Id.* at 7.

On July 2, 2026, DVH moved to dismiss this adversary proceeding as against it pursuant to Fed. R. Civ. P. 12(b)(1) arguing that this Court lacks subject matter jurisdiction. Aristone filed an objection (the "Objection") [Adv. Dkt. No. 9]. The Court heard oral argument on August 13, 2026 (the "Hearing").

For reasons detailed below, the motion is granted as to movant DVH. The complaint's claims against other defendants and regarding properties other than the St. Lawrence Property are not subject to this ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1), applicable to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7012(b), provides for the dismissal of an action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b). Dismissal for lack of subject matter is warranted when the "court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Furthermore, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question." *Margiotta v. Kaye*, 283 F. Supp. 2d 857, 861 (E.D.N.Y. 2003).

## DISCUSSION

Section 1334 provides, in relevant part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, the "three types of jurisdiction that district (and hence bankruptcy) courts may exercise are thus those colloquially referred to as (1) 'arising under'; (2) 'arising in'; and (3) 'related to' jurisdiction." *In re Motors Liquidation Co.*, 514 B.R. 377, 381 (Bankr. S.D.N.Y. 2014), *aff'd sub nom. In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016).

Neither party contends that "arising in" or "arising under" jurisdiction exists here. The dispute centers on whether there is "related to" jurisdiction. *See Objection* [Adv. Dkt. No. 9].

Under controlling Second Circuit precedent, "'a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate.'" *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339–40 (2d Cir. 2018) (quoting *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)). For "related to" jurisdiction to exist, "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re WorldCom, Inc. Sec. Litig.,* 293 B.R. 308, 317 (S.D.N.Y. 2003) (internal citation omitted). "'[R]related to' jurisdiction may extend more broadly when it concerns a reorganization under Chapter 11 as opposed to a liquidation under Chapter 7." *Id.*

Aristone argues the Court has "related to" jurisdiction because there are two possible outcomes that could have an effect on the estate: 1) DVH prevails in the quiet title action and Aristone has a monetary claim against the Debtor and; 2) Both DVH and Aristone "have voiding defects in their claims to the St. Lawrence Property leaving title with Kaja 2 (and the other debtors)." *Objection* at 4.

The Court is not persuaded that either of these hypothetically possible outcomes could have a conceivable effect on the administration of Debtors' estate, in light of the combination of the Trustee's report of no distribution and the Debtors' so-ordered abandonment of the St. Lawrence Property. "It is generally recognized that upon entry of a report of no distribution, a bankruptcy court is divested of its related-to jurisdiction." *In re DeMarco*, 454 B.R. 343, 347 (Bankr. E.D. Pa. 2011) (collecting cases). Further, bankruptcy courts have held that in no-asset cases, claims brought against the debtor will have no effect on the estate. *See In re Mouttet*, No. 13-22222-

CIV, 2020 WL 5993925, at *23 (S.D. Fla. Oct. 9, 2020) (citing *In re Wilson,* 271 B.R. 511, 514 (Bankr. E.D. Mich. 2001) ("[B]ecause this is a no asset case, any claim … against the estate or by the non-debtor defendants for contribution would not have any effect on the administration of the bankruptcy estate")); *In re Alongi*, 272 B.R. 156, 160 (Bankr. D. Md. 2001) ("[T]his is a Chapter 7 liquidation in which the Trustee has already filed a report of no distribution.... Therefore, whether or not FMA successfully enforces the covenants at issue, such relief would not ... change the character or amount of any claim against [Debtor's] bankruptcy estate. In sum, if the court were to hear and decide this action, it would not have any conceivable effect on the administration of D[ebtor's] bankruptcy estate.").

Consequently, since the estate has been fully administered, this Court's "related to" jurisdiction was divested upon the filing of the report. Moreover, and especially given the estate's abandonment of the Property, no conceivable outcome of the Illinois quiet-title action or subsequent development will change the amount (in this case zero) available to creditors, and thus the adversary proceeding as against DVH will have no effect (either positive or negative) on the administration of the no-asset estate. *See In re Peralta*, 2019 WL 6048531, at *5 (Bankr. D.N.J. Nov. 14, 2019) ("Since the estate is fully administered, any recovery from the Non-Debtor Defendants cannot conceivably have an effect on the estate because any potential recovery by Plaintiff will not affect the amount of property available for distribution to creditors.") (citation omitted).

Even in the alternate posited outcome where both DVH and Aristone's claims fail and title to the Property is returned to the Debtor, the estate would still not be affected. As noted, this Court's May 15, 2026 order provided that the St. Lawrence Property was "deemed abandoned by Debtor and its bankruptcy estate." ECF No. 68. Aristone filed a limited objection that was

accommodated in the terms of the order that the Court entered, but Aristone did not even object in principle to the Trustee's abandonment of the Property.[2] And "[o]nce abandonment is accomplished, it is irrevocable." *In re Estiatorio Ent. Ltd.*, 669 B.R. 676, 684 (Bankr. S.D.N.Y. 2025), *aff'd,* No. 25-CV-5050 (KMK), 2026 WL 2242480 (S.D.N.Y. Aug. 4, 2026). Further, "[b]y operation of law, abandoned property is no longer property of the estate." *In re Lyn*, 483 B.R. 440, 451 (Bankr. D. Del. 2012). As a result, abandonment "divest[s] the trustee of control over that property and divest[s] the Court of jurisdiction over matters concerning the abandoned property." *Id.* (citing *In re DeVore*, 223 B.R. 193, 200 (9th Cir. BAP 1998)). This reality underscores the lack of any possible effect of the adversary proceeding on the estate here. *See In re Culligan Ltd.*, No. 20-12192 (JLG), 2023 WL 5942498, at *12 (Bankr. S.D.N.Y. Sept. 12, 2023) ("[O]nce the debtor's property is abandoned in bankruptcy, the property should be treated as though no bankruptcy proceedings had occurred and therefore revert to the party that held a pre-petition interest in it.") (citation omitted); *In re Sherrell*, No. 95-MISC.-3530, 1996 WL 550169, at *5 (N.D.N.Y. Sept. 23, 1996) ("Abandoned property ceases to be part of the bankruptcy estate; the abandoned property reverts to the debtor and stands as if no bankruptcy petition was filed."). Thus, the Court lacks "related to" jurisdiction over the complaint's claims against DVH. *See In re Mouttet*, No. 13-22222-CIV, 2020 WL 5993925, at *22 (S.D. Fla. Oct. 9, 2020) ("[C]laims to recover non-estate property do not satisfy the 'related to' requirement.") (citation omitted).

---

[2] Aristone's limited objection to the underlying relief from stay motion stated that "**any order** granting relief on the subject Motion **should be limited strictly to the relief necessary to permit the continuation of proceedings in the appropriate non-bankruptcy forum. Any such order should not include findings of fact or conclusions of law regarding title, ownership, the validity of any conveyance or tax deed, or the rights of any non-debtor parties**, **all of which remain disputed and are properly the subject of the pending state court proceedings in the Illinois Action."** ECF No. 65.

Accordingly, the Court lacks subject matter jurisdiction over this adversary proceeding's claims against DVH, and DVH's motion is GRANTED.

For this reason, there is no need to address DVH's additional argument that a "Local Action Doctrine" requires the quiet title action to be heard in Illinois state court, not here.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant DVH Properties LLC's motion to dismiss this adversary proceeding as against DVH. Plaintiff is to file a status update letter regarding its plans for the remainder of this action and suggesting an appropriate date for a further case management conference. So ordered.

Dated: New York, New York
August 28, 2026

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge